IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                    3:03cr114/RV
                                                       3:06cv284/RV/MD

JAMES LEE PRITCHETT

---

### REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 85). The government has filed a response (doc. 87) and the defendant has filed a reply (doc. 89). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I. BACKGROUND

Defendant was charged in a two count indictment with possession of a firearm by a convicted felon and possession of a firearm with a removed, obliterated, or altered serial number. (Doc. 1). He was represented by Attorney Robert Dennis from the office of the Federal Public Defender. Defendant moved to suppress the traffic stop and evidence seized therein which led to his arrest (doc. 14), and to suppress the statements he made during the traffic stop. (Doc. 17). The government responded, and the court denied the motions after a hearing, held on October 28, 2003. (Doc. 16, 21-23). Defendant signed

a written plea and cooperation agreement and entered a guilty plea on October 30, 2003. On December 10, 2003, defendant, through counsel, filed a motion to withdraw guilty plea and for substitution of counsel.  (Doc. 29, sealed).  After a hearing, the court granted the motion to withdraw guilty plea and set the case for trial the following month.  (Doc. 31, 32, 33, 70).   Mr. Dennis proceeded as counsel of record.

After a two day jury trial at which defendant testified in his own behalf, defendant was convicted as charged.  (Doc. 52, doc. 72 at 64).  Defendant was sentenced at the mid-point of the applicable guidelines range to a term of 211 months imprisonment on Count 1 and a concurrent sixty month term of imprisonment on Count II, to be followed by 5 years of supervised release, a $1,000 fine and a $200.00 special monetary assessment.   (Doc. 57 at 2, doc. 73 at 14-15).

Defendant appealed, represented by Assistant Federal Public Defender Chet Kaufman, arguing for the first time that his sentence was unconstitutional under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d. 403 (2004).  The Eleventh Circuit found no plain error and affirmed his conviction and sentence. (Doc. 80 at 2).  The opinion was issued as mandate on July 5, 2005, and the instant § 2255 motion was timely filed pursuant to the prison mailbox rule[1] on June 26, 2006.

Defendant now claims that trial counsel was constitutionally ineffective, separating his claim into four grounds for relief, and that appellate counsel was also ineffective for his failure to pursue certain issues on appeal.  The government opposes the motion in its entirety.

## II.  LEGAL ANALYSIS

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have

---

[1] *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

been brought on direct appeal.  *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000).   "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing  *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S.Ct. at 2065; *see Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992).  "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003). (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).  When examining the performance of an experienced trial

counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could

have acted in the circumstances as defense counsel acted.  *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 122 S.Ct. 234 (2001).


1.   Failure to protect defendant's right to confrontation and Due Process during Suppression hearing

Defendant first contends that counsel was ineffective because he did not secure his client's opportunity to cross examine Deputy Abelardo Lopez at the suppression hearing. Defendant appears to contend that had counsel had the opportunity to cross examine Deputy Lopez at the suppression hearing about the events surrounding the traffic stop, the search of the vehicle in which defendant was a passenger and the seizure of the weapons, either all of this evidence would have been suppressed, or counsel could have effectively cross examined Deputy Lopez at trial.  (Doc. at 3).

Defendant notes that Deputy Lopez's testimony at trial was contrary to what he had written in the police report, and he concedes that counsel effectively brought out inconsistencies on cross examination.  The record reflects that counsel cross-examined each of the officers involved in the initial arrest and seizure.

To the extent defendant claims that the constitution required the presence of Deputy Lopez at the suppression hearing, he is mistaken.   Because the interests at stake in a suppression hearing are of a lesser magnitude than those in the criminal trial itself, at a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.  *United States v. Raddatz*, 447 U.S. 667, 679, 100 S.Ct. 2406, 2414, 65 L.Ed.2d 424 (1980).  A defendant is not deprived of his right of confrontation when a law enforcement agent other than the arresting officer testifies at suppression hearing as to circumstances of arrest, and the arresting officer testifies at trial. *United States v. Boyce*, 797 F.2d 691 (8th Cir. 1986).  Deputy Lopez did testify at trial and therefore, his presence was not constitutionally mandated at the suppression hearing. Furthermore, defendant does not contend that his right to cross-examine the witnesses who did appear at the suppression hearing was violated.  See *United States v. Green*, 670

F.2d 1148 (D.C. Cir. 1981) (defendant has a limited right of cross examination at suppression hearing).

Finally, the court notes that defense counsel renewed the motions to suppress at the close of the evidence at trial. (Doc. 64 at 234).  After having heard all the testimony from Deputy Lopez and other witnesses, the court still found the motion to suppress to be without merit.   Thus, defendant has not established that had Deputy Lopez appeared at the suppression hearing, that the outcome of either the suppression hearing or the trial would have been different.  Counsel was not constitutionally effective, and defendant is not entitled to relief.

2.  Failure to file a motion in limine

Defendant contends that counsel was ineffective because he did not file a motion in limine to exclude "highly prejudicial"taped telephone calls.  The phone calls in question were made by the defendant while he was in custody of the Escambia County Jail.  During the calls, defendant spoke about his arrest and his knowledge of the firearm he was charged with possessing.  Defendant now maintains that the calls should have been excluded under Fed.R.Evid. 403 because their probative value was outweighed by the prejudicial effect of the racial slurs or ethnic epithets contained therein.[2] He speculates that because eleven of the jurors were of a particular racial group outside his racial group, he was prejudiced.

Pursuant to Federal Rule of Evidence 402, all relevant evidence is generally admissible.  Rule 403 provides for the exclusion of relevant evidence, among other reasons, if its probative value is "substantially outweighed" by unfair prejudice.  It is an extraordinary remedy, whose major function is limited to "excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001) (internal citations and

---

[2]He refers to the use of the terms "nigger," which he used to refer to his friends and associates, and "cracker," which he used to refer to the officers.  (Doc. 89, exh. C).  The conversations were also liberally sprinkled with profanity.

quotations omitted).  The Rule carries a strong presumption in favor of the admissibility of evidence.  *Id.* (citation omitted).  However, it also requires a balancing approach between the degrees of probative value that a piece of evidence has and its prejudicial effect. *United States v. Dodd,* 347 F.3d 893, 897 (11th Cir. 2003) (citing *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)).

Defendant does not contest that the tapes had probative value.  He maintains that the prejudice in this instance resulted from the language used on the tapes, and that counsel should have moved for this to be redacted.  Admission of taped conversations containing profanity or vulgar language that is irrelevant to the defendant's guilt or innocence has been held to be harmless error where the remarks were not of such an inflammatory character as to have affected the verdict.  *United States v. Harbin*, 601 F.2d 773, 780 (5th Cir. 1979);[3] *cf. United States v. Bright*, 630 F.2d 804, 814 (5th Cir. 1980) (it was not error to play tape recording made of conversations between FBI agents and defendants at trial in which defendants and FBI agents were heard using racial slurs and other "offensive language.")   In *Bright*, the court recognized that selectively deleting portions of a tape of a running conversation breaks the flow of the conversation, thus decreasing the usefulness of the evidence, and allows the jury to speculate erroneously as to what was said in the deleted portion.  630 F.2d at 814 n.16.  Thus it stated it would  be "extremely reluctant" to order such deletions.  *Id.* at 814.  Furthermore, the *Bright* court held in 1980 that it was "not convinced that given the mores of today's society the presence of such language would prejudice the jury against the defendant."  *Id.*  Twenty-three years later when defendant was tried, the same can certainly be said to be true.  Defendant has not established that counsel was ineffective for failing to file a motion in limine, as he has not established that if counsel had filed the motion it would have been granted and the outcome of the proceedings would have been different, and thus he is not entitled to relief.

3. Failure to prepare rebuttal telephone transcript

---

[3]All cases from the former Fifth Circuit handed down by the close of business on September 30, 1981, are binding on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

Defendant next contends that counsel was constitutionally ineffective because he failed to prepare a defense version of the telephone transcripts that were created by the government and presented to the jury for use during their deliberation. He asserts that "preparation of a rebuttal transcript would have created a reasonable probability sufficient to undermine confidence in the outcome of the proceeding."

The jury was initially provided only with the audiotapes of the telephone conversations, but made a request for the transcripts.  (Doc. 72 at 56).  At that time, the government cited case law holding that there was no error in sending transcripts to the jury deliberation room, even when they had not been admitted into evidence. *United States v. Williford*, 764 F.2d 1493, 1503 (11th Cir. 1985) (citing *United States v. Costa*, 691 F.2d 1358, 1362-63 (11th Cir. 1982)).  The court indicated that the transcripts in this case "seem[ed] to be very accurate transcripts" and that the conversations were "quite clear, unlike many conversations that we get into evidence." (Doc. 72 at 58).  It further noted that "aside from some of the language, and maybe some of the words being used, the – the transcripts seem to be extremely accurate. . . . [thus] there is no way that the defendant can be prejudiced by sending these in to the jury" (*Id.*)

Defense counsel objected to sending the transcripts to the jury on the grounds that (1) the transcripts were not in evidence, (2) there was no stipulation to their accuracy, (3) they were prepared by the government, (4) they were in "street language" which left them open to interpretation.  (Doc. 72 at 59).  Counsel stated that he did not find the transcripts to be totally accurate, at which point the court indicated that the defense had the option of submitting an alternate version.  (Doc. 72 at 59). The transcripts were admitted into evidence over counsel's objection.  (Doc. 72 at 62-63).

He was questioned about the transcript on cross and re-direct examination.  (Doc. 64 at 208-228, 229-231).  Although defendant now challenges counsel's alleged failure to prepare him to attack the accuracy of the transcripts during his testimony, he does not suggest what "preparation" counsel should have done with him on this issue or how he would have testified differently if he had been so prepared.  Furthermore, the defendant does not identify a single alleged inaccuracy in the transcript that was admitted into

evidence, or show how any specific inaccuracies were prejudicial to him, particularly after the jury had been instructed how to handle the transcripts. (See doc. 72 at 57, 62).  His bare, conclusory allegations of ineffective assistance of counsel are insufficient to warrant relief.

4.  Failure to object to Deputy Cephas' testimony

Defendant contends that his attorney's performance was constitutionally deficient because he did not object to the testimony of Deputy Cephas that defendant had a warrant for gun possession when he actually only had a warrant for violation of probation.  The testimony in question was given on re-direct examination in response to a question from the government about the fact that the officers did not discover at the scene of the traffic stop that one of the passengers in the vehicle had given false identification.  (Doc. 64 at 68-69).  The government asked whether the volatility of the situation was one reason why the officers had not caught that.  Deputy Cephas responded:

> Yes, it was.  Again, there was a lot going on at that time. There were people outside yelling and screaming.  We found a gun.  We had a warrant for a gun possession.  So, it was pretty volatile out there. It was important for our safety to, like I said, make the arrest and get on out of there.

(Doc. 64 at 69).  Defendant contends that defense counsel's failure to correct this testimony prejudiced him.  He asserts that Deputy Cephas' testimony swayed the jury towards a finding of guilt since they thought that the defendant already had a warrant for his arrest for previously possessing a firearm.

Although defendant is correct that Deputy Cephas made the statements above, he did not indicate that the warrant for gun possession pertained to the defendant.  Deputy Cephas had earlier testified expressly that defendant's outstanding warrant was for violation of probation.  (Doc. 64 at 44).  The government argues that had counsel made an objection to the above statement, it would only have further drawn attention to testimony that was otherwise ambiguous.  Furthermore, the record reflects that counsel was not unattentive to testimony that was potentially prejudicial to his client.  After Deputy Cephas testified, counsel approached the bench to request that the next witness be instructed not

to "blurt out" the defendant's underlying crime of conviction, armed robbery, that had led to his probationary status.  (Doc. 64 at 70-71).   Defendant has not established that counsel's failure to object to Deputy Cephas' testimony resulted in prejudice.

5.  Ineffective assistance of appellate counsel

Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal.  *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).  However, the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue on appeal if counsel, as a matter of professional judgment, decides not to do so.  *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983); *Heath v. Jones*, 941 F.2d 1126, 1130-31 (11th Cir. 1991); *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984).  "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."  *Barnes,* 463 U.S. at 751-52, 103 S.Ct. at 3313.  The mere fact that one of the non-appealed issues might have been successful does not preclude a finding that the appellate advocacy, which must be judged in its entirety, was effective.   *Smith v. Murray,* 477 U.S. 527, 106 S.Ct.  2661, 91 L.Ed. 2d 434 (1986).  To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court must examine the merits of the issues the defendant alleges counsel was derelict in not raising on appeal.  *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988).   Of course, appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit."  *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (citations omitted); see also *Lambrix v. Singletary*, 72 F.3d 1500, 1507 (11th Cir. 1996); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).  And, where the case law at the time of the direct appeal is not clear on an issue, appellate counsel's performance does not fall below the "objective standard of reasonableness" for failing to raise it.  *See Jones v. United States,* 224 F.3d 1251, 1258-59 (11th Cir. 2000); *Chateloin v. Singletary,* 89 F.3d 749, 754 (11th Cir. 1996). An informed decision based on reasonable professional judgment not to pursue a particular

issue on appeal does not render counsel's performance deficient.  See *Griffin v. Aiken,* 775 F.2d 1226, 1235 (4th Cir. 1985).

In this case, defendant contends that appellate counsel was ineffective because he failed to appeal the denial of the motion for judgment of acquittal and the motions to suppress the seized firearm and statements made at the time of defendant's arrest.  He does not offer any new arguments in support of his position that an appeal of these issues would have been successful, but rather merely suggests that the trial court's decisions on these issues were erroneous.  This court's review of the record reveals that there was sufficient factual and legal basis to support the trial court's conclusion that neither the motion for judgment of acquittal, nor the motions to suppress should have been granted.

Had counsel challenged the motion for judgment of acquittal on appeal, the trial court's denial of this motion would be reviewed de novo. *United States v. Dulcio*, 441 F.3d 1269, 1276 (11th Cir. 2006). "In determining whether the government produced sufficient evidence, we must review the evidence in the light most favorable to the government and draw all reasonable factual inferences in favor of the jury's verdict." *Id.*  To uphold the trial court's decision, the reviewing court need only determine that a reasonable fact-finder could have determined that the evidence proved the defendant's guilt beyond a reasonable doubt.  *United States v. Peters*, 403 F.3d 1263, 1268 (11th Cir. 2005).  The evidence adduced at trial, taken in the light most favorable to the government, was that the defendant was in the back seat of the car, sitting on or near the location from where the weapon was seized.  This is factually sufficient to support a theory of constructive, if not actual, possession.  The defendant's statements about the weapon to law enforcement offered further proof of his possession of the weapon.  Defendant's disagreement with the jury's verdict does not alone establish that counsel was ineffective because he failed to appeal the denial of the motion for judgment of acquittal.

In an appeal of a denial of a motion to suppress, the Eleventh Circuit reviews the district court's findings of fact, taken in the light most favorable to the prevailing party, for clear error, and reviews its application of law to those facts de novo.  *United States v. Smith,* 459 F.3d 1276 (11th Cir. 2006) (citing *United States v. Holloway*, 290 F.3d 1331,

1334 (11th Cir. 2002).  The owner/driver of the car consented to the search, which was also done incident to defendant's arrest on the outstanding warrant.   The defendant's statements to law enforcement were found to be free and voluntary spontaneous utterances by the defendant. Defendant has offered no additional factual or legal arguments that appellate counsel could have made which would have resulted in a reversal of the district court's ruling on the motions to suppress.  Counsel is not constitutionally ineffective for failing to pursue non-meritorious issues, *Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002), and defendant is not entitled to relief.


Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 85)  be DENIED.


At Pensacola, Florida, this 17th day of November, 2006.



/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).